## John H. Vanderveer.

### v.

### Sidney Conover.

A farm was devised to executors, to hold in trust for the testator's daughter Julia for life, with power to sell during her lifetime with her consent, and if not then sold, to sell it after her death, and to divide the proceeds among her children. Julia died before the farm had been sold, leaving one child, Emma, who thereafter gave a mortgage on the farm to defendant, which has been recorded. Subsequently the executors sold the farm to complainants.—*Held*, that Emma had no interest in the farm which she could mortgage, and that, consequently, the complainants took the fee clear of her pretended encumbrance.—*Held, further*, that the court would not determine, in this suit, whether Emma's mortgage operated as an assignment *pro tanto* of her interest in the proceeds of sale, which the court would compel the executors to pay over to defendant.

On bill, answer and proofs.

11

*Mr. James Steen*, for complainant.

*Mr. Robert Allen, Jr.*, for defendant.

BIRD, V. C.

The will mentioned in this bill shows that the testator gave and devised a farm to his executors to hold in trust for his daughter Julia, and to permit her to have the possession, and to have the rents and profits during her life. The said executors were empowered to sell during the lifetime of Julia, with her consent, the proceeds of such sale to be invested for her benefit. If the farm were not sold in her lifetime, the executors were ordered to sell it after her death, and to divide the proceeds amongst her children.

Julia had a daughter named Emma, who executed a mortgage on the said farm to one Sidney Conover, the defendant, and delivered it to him, and he has caused it to be recorded in the clerk's office of the county in which the land is situate. This was done after the death of Julia. Since both events the executors sold the land to all of the complainants, except Vanderveer, who by their bill claim that they took the entire fee, and that the said mortgage is no lien. They then conveyed to Vanderveer, the other complainant. On the other hand, it is insisted that the children of Julia had a vested interest in the land, and could execute liens thereupon.

I conclude that the children of Julia did not take any interest in the land. The devise expressly conveyed the legal title to the executors, with power of sale. But if the title did not pass to them under the devise, clearly it did not pass to the children of Julia. It did not descend to them as heirs-at-law during the lifetime of their mother, nor can I perceive that it did at any time. If this be the correct view, then Emma had no title and the mortgage was void. This attempted alienation did not prevent the executors passing the entire fee to the complainants. *Duryee* v. *Martin*, 9 Stew. Eq. 444, is authority for this. See, also, *Perry on Trusts* § 787.

This view of the case does not at all embrace the question

attempted to be raised by the answer as to the effect of this bond and mortgage on the interest of the mortgagor in the proceeds of sale. The defendant alleges that the execution and delivery of that mortgage operated as an assignment of the mortgagor's interest therein, and that the executors are bound to pay that interest to him. Whatever rights may have arisen between the mortgagor and mortgagee are not involved in this issue, and it would be improper for the court to undertake any settlement of them until an issue embracing them is made up.

I will advise a decree that said mortgage was not and is not a lien on the premises named in the bill of complaint, and that the said defendant, Conover, surrender to the complainants the said mortgage, to be canceled.